|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SUSANA A. RUBALCABA, *individually and on behalf of all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QVC, INC.,<br><br>Defendant. | Case No. 1:25-cv-00129-JLT-EPG<br><br>ORDER RE: NOTICE OF VOLUNTARY DISMISSAL OF ENTIRE ACTION WITH PREJUDICE<br><br>(ECF No. 5) |
|---|---|

On April 16, 2025, Plaintiff filed a notice voluntarily dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as Defendant has not filed either an answer or a motion for summary judgment. (ECF No. 5).

However, this case was brought as a putative class action on behalf of Plaintiff individually and similarly situated persons. Accordingly, although Plaintiff may dismiss Plaintiff's individual claims with prejudice, Plaintiff cannot dismiss the class claims with prejudice. *See Smith v. Bayer Corp.*, 564 U.S. 299, 315, (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties. What does have this effect is a class action approved under Rule 23."); *Allred v. Chicago Title Co.*, No. 19CV2129-LAB (AHG), 2020 WL 5847550, at *1 (S.D. Cal. Oct. 1, 2020) ("Although the motion seeks dismissal of all claims with prejudice, the Court construes this as a request to dismiss Plaintiffs' own claims with prejudice, and putative class claims without prejudice.").

1 | Accordingly, IT IS ORDERED that, within 7 days of the entry of this order, Plaintiff
2 | shall file a revised notice of voluntary dismissal, indicating that Plaintiff intends to dismiss
3 | Plaintiff's individual claims with prejudice and class claims without prejudice.

IT IS SO ORDERED.

Dated:   **April 17, 2025**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE